IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 4:97-354-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Mark Lewis, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's letter filed June 30, 2011. Dkt. #36. Defendant contends that the United States Bureau of Prisons (BOP) is requiring that he pay restitution, the order for which he believes has been satisfied.[1] Defendant seeks relief from this court in the form of an order notifying BOP that he has satisfied his restitution obligation via his previous period of incarceration. The Government has responded in opposition. Dkt. #36.

On February 28, 1996, Defendant was convicted in the District of Columbia upon his plea of guilty to a charge of violation of Title 18, United States Code Section 1344. On October 31, 1996, Defendant was sentenced in the District of Columbia to six (6) months' imprisonment (with credit for time served) and a term of five (5) years' supervised release with special conditions. One condition of Defendant's supervision was that he was ordered to pay restitution in the amount of $28,233.00 to Chevy Chase Bank.

The restitution ordered as a part of Defendant's original sentence is just that: a separate component of his sentence, not simply a condition of his supervised release. *See United States v. Cohen*, 459 F.3d 490, 496 (4th Cir. 2006). Therefore, even if Defendant's period of supervised

---

[1] Defendant is currently serving a sentence of eighty (80) months' imprisonment ordered by another Judge of this District. *See United States v. Lewis*, D.S.C. Cr. No. 4:09-949-RBH.

1

release relating to the offense to which he pleaded guilty in 1996 has expired, the restitution ordered is still enforceable in the District of Columbia for at least twenty (20) years from the entry of the original Judgment Order filed October 31, 1996. *See* 18 U.S.C. §§ 3613(b) and (f).

Defendant's letter, construed as a motion for an order directing BOP to cease collecting the restitution he was sentenced to pay in 1996, is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 11, 2011