IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 4:97-354-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Mark Lewis, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's letter filed June 27, 2014. ECF No. 65. Defendant contends this court erred in its earlier ruling finding that Defendant's restitution, ordered as a part of his conviction in the District of Columbia, is due and owing despite his belief that it has been satisfied.[1] Defendant seeks reconsideration of this court's Order filed August 11, 2011. *See* ECF No. 46.

On February 28, 1996, Defendant was convicted in the District of Columbia upon his plea of guilty to a charge of violation of Title 18, United States Code Section 1344. On October 31, 1996, Defendant was sentenced in the District of Columbia to six (6) months' imprisonment (with credit for time served) and a term of five (5) years' supervised release with special conditions. One condition of Defendant's supervision was that he was ordered to pay restitution in the amount of $28,233.00 to Chevy Chase Bank.

On April 9, 1997, Defendant's supervised release was transferred to this District. On June 30, 1997, Defendant appeared with counsel before this court for a supervised release violation hearing. Defendant's supervised release was revoked and Defendant was sentenced to twelve months' imprisonment and three years' supervised release.

---

[1] Defendant is currently serving a separate sentence of seventy-four (74) months' imprisonment ordered by another Judge of this District. *See United States v. Lewis*, D.S.C. Cr. No. 4:09-949-RBH.

1

On April 29, 1999, Defendant again appeared with counsel before the undersigned for a second supervised release violation hearing. Defendant's supervised release was again revoked , and Defendant was sentenced to thirty (30) months' imprisonment, with no supervised release to follow.

On June 30, 2011, Defendant wrote the court, seeking relief in the form of an order from this court to the Bureau of Prisons (BOP) indicating that the restitution which was ordered as a part of his original sentence in the District of Columbia was no longer due and owing.

As previously explained to Defendant, the restitution ordered as a part of Defendant's original sentence is just that: a separate component of his sentence, not simply a condition of his supervised release. *See United States v. Cohen*, 459 F.3d 490, 496 (4th Cir. 2006).[2] Therefore, even if Defendant's period of supervised release relating to the offense to which he pleaded guilty in 1996 has expired, the restitution ordered is still enforceable in the District of Columbia for at least twenty (20) years from the entry of the original Judgment Order filed October 31, 1996. See 18 U.S.C. §§ 3613(b) and (f).

It appears Defendant still believes that the termination of the period of supervised release for his 1996 conviction extinguishes his obligation to pay restitution. He is mistaken. As noted above, "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613(b); *see* 18 U.S.C. § 3613(f) (making section 3613(b) applicable to

---

[2] Defendant contends in his current motion that the court's reliance on *Cohen* was a violation of "ex post facto." Mot. at 1, ECF No. 65. Defendant's argument is without merit, as *Cohen*'s holding is not related to the issue which Defendant argues, and *Cohen* relies upon an earlier case for its position regarding the punitive nature of restitution. *See United States v. Bruchey*, 810 F.2d 456, 461 (4th Cir.1987) ("Criminal restitution . . . is part of the sentencing process [and] . . . is fundamentally 'penal' in nature.").

restitution).

The time for reconsideration of this court's August 2011 order is long past. For this reason and because Defendant's arguments are without merit, Defendant's letter, construed as a motion for reconsideration, is **denied**.[3]

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 10, 2014

---

[3] Defendant seeks an opportunity "to allow me to appeal my conviction [through] equitable tolling . . . ." Letter at 2. This court has no jurisdiction over Defendant's original conviction which occurred in the United States District Court for the District of Columbia.